UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARYEL OLIVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08-CV-996 (CEJ) |
| ) | |
| MELISSA RING, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM

This matter is before the Court on the petition of Daryel Oliver for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The respondent has filed a response, and the issues are fully briefed.

**I. Background**

On February 6, 2006, Oliver pled guilty to two counts of sexual assault, in violation of Mo. Rev. Stat § 566.040. He was sentenced in the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) to concurrent two-year terms of imprisonment. State of Missouri v. Daryel Parker Oliver, Case No. 22041-2405. He was paroled on February 23, 2006. His parole expired on July 21, 2006.

At the time he committed the sexual assault offenses, Oliver was on supervised release pursuant to a judgment entered in the federal district court in Georgia. Jurisdiction was subsequently transferred to the Eastern District of Missouri. United States v. Daryel Oliver, No. 4:01-CR-502 (JCH). Oliver's commission of the sexual assault crimes led to the revocation of his supervised release term. On March 24,

2006, he was sentenced by the district court to a 33-month term of imprisonment to run consecutively to the sentence of imprisonment imposed by the state court. Id.

Oliver filed the instant petition on July 8, 2008, challenging the legality of his state court sexual assault convictions. At the time he filed the petition, he was in the custody of the United States Bureau of Prisons serving the sentence imposed for revocation of his supervised term.

II. Discussion

Section 2254(a) of Title 28, United States Code, provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In order to seek habeas corpus relief, an applicant must be "in custody" pursuant to the state court judgment under attack at the time the petition is filed. *See* Carafas v. LaVallee, 391 U.S. 234, 238-40 (1968); *see also* 28 U.S.C. § 2241(c). An applicant who, at the time of his application, has completed his state court sentence of imprisonment and is not then subject to any "significant restraint on liberty, such as parole," may not obtain habeas relief. Harvey v. South Dakota, 526 F.2d 840, 841 (8th Cir. 1975), *cert. denied,* 426 U.S. 911, 96 S.Ct. 2236, 48 L.Ed.2d 837 (1976) (citations omitted). *See also*, Cotton v. Mabry, 674 F.2d 701, 703-04 (8th Cir. 1982) (because application was filed after petitioner had served his sentence and was no longer incarcerated or on parole in connection with state conviction, petitioner did not meet the "in custody" requirement of § 2241(c)).

As discussed above, Oliver was in federal custody---not state custody---at the time he filed the instant petition. Moreover, long before he filed the petition Oliver had

completed his state sentence of imprisonment and his parole had expired.  Oliver has failed to satisfy the "in custody" requirement, and the Court is without jurisdiction to entertain his petition.  The petition will, therefore, be dismissed.

In addition, the Court finds that Oliver has failed to make a substantial showing of a denial of a constitutional right.  Therefore, the Court will not issue a certificate of appealability.  See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

An order of dismissal will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2011.